IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:03-CR-0087 (01) |
| | § | |
| ELOY VENZOR | § | |

**REPORT AND RECOMMENDATION TO DENY,
DEFENDANT'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

Defendant ELOY VENZOR has filed with this Court a Motion to Vacate, Set Aside or

Correct Sentence Pursuant to 28 U.S.C. § 2255.  For the reasons hereinafter expressed, the

undersigned Magistrate Judge is of the opinion defendant is entitled to no relief and recommends

the motion to vacate, set aside or correct sentence be DENIED.

I.
FACTS AND PROCEDURAL HISTORY

On November 5, 2003, defendant VENZOR was charged in a four-count indictment as

follows: Counts 1 and 3, possession with intent to distribute 50 grams or more of

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); Count 2, possession of a

firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); Count

4, conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in

violation of 21 U.S.C. § 846.[1]  On November 21, 2003, pursuant to a plea agreement, defendant

VENZOR  pleaded guilty to Counts 1 and 2.  On March 4, 2004, the Court sentenced defendant

---

[1]Counts 3 and 4 also charged defendant with aiding and abetting in violation of 18 U.S.C. § 2.

to a term of 87 months imprisonment on Count 1, 60 months imprisonment on Count 2, such

terms to be served consecutively, concurrent five (5) year supervised release terms, and a special

assessment of $200.00.[2]   Defendant VENZOR did not directly appeal his sentence.

On December 19, 2004, defendant filed the instant Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  On January 24, 2005, the

government filed its response in opposition to defendant's motion to vacate.  On February 22,

2005, defendant VENZOR filed a reply to the government's response.

II.
DEFENDANT'S ALLEGATIONS

Defendant VENZOR raises the following grounds in support of his contention that his

conviction and sentence were imposed in violation of the Constitution or laws of the United

States:

1.   Counsel was ineffective for failing to pursue a plea agreement which
     protected defendant from a consecutive sentence for the weapon's violation;

2.   Counsel was ineffective for failing to object to the government's refusal to
     file a motion for downward adjustment;

3.   The government breached the terms of the plea agreement by failing to file a
     motion for a downward adjustment;

4.   Counsel was ineffective for failing to object when the government breached the
     plea agreement; and

5.   The Court's application of the Guidelines in determining his sentence violated his
     Sixth Amendment rights pursuant to *Blakely v. Washington*, ____ U.S. ____, 124
     S.Ct. 2531, 159 L.Ed.2d 403, 72 U.S.L.W. 4546 (June 24, 2004).

---

[2]Counts 3 and 4 were dismissed.

III.

<u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

In his ineffective assistance of counsel claims, Claims 1, 2, and 4, defendant argues counsel was ineffective for failing to pursue a plea agreement which protected defendant from a consecutive sentence for the 924(c) weapon charge, for failing to object to the government's refusal to file a motion for downward adjustment, and for failing to object when the government breached the plea agreement.

In order to prevail on a claim that he was denied his constitutional right to the effective assistance of counsel, defendant must satisfy two requirements.  "First, he would have to show that his attorney's conduct fell below an objective standard of reasonableness.  Second, he would have to demonstrate a reasonable probability that he was prejudiced by his attorney's unprofessional errors."  *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The question of whether a defendant has been subjected to ineffective assistance of counsel is a mixed question of fact and law.  *United States v. Rusmisel*, 716 F.2d 301, 304 (5th Cir. 1983).

A showing that his attorney's conduct was deficient requires a "showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland*, 466 U.S. at 687.  The performance inquiry must center on whether counsel's assistance was reasonable considering all the circumstances at the time of counsel's conduct.  *Id*. at 688-690.  As for the issue of prejudice, defendant must do more than simply allege prejudice, he must "affirmatively prove" prejudice.  *See Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986) (*Strickland*, 466 U.S. at 693).

A habeas defendant claiming ineffective assistance of counsel bears the burden of

demonstrating by a preponderance of the evidence "both an identifiable lapse on the part of his trial counsel and some actual, adverse impact upon the fairness of his trial resulting from that lapse." *United States v. Cockrell*, 720 F.2d 1423, 1425 (5th Cir. 1983), quoting *Boyd v. Estelle*, 693 F.2d 388, 389-90 (5th Cir. 1981).  Counsel is not required to pursue every path until it bears fruit or until all conceivable hope withers.  *Lovett v. State of Florida*, 627 F.2d 706, 708 (5th Cir. 1980).  A strategy is not proven wrong because, if as is the usual circumstance, a guilty person is convicted.  *Cockrell* at 1429;  *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980) (failure to object to the introduction of a letter did not so infect the trial with unfairness as to make the resulting conviction a denial of due process).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and tactical decisions of trial counsel are entitled to a high degree of deference.  *Strickland*, 466 U.S. at 692.  A defendant must show that counsel's deficient performance prejudiced the defense.  *Id*.  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*  Furthermore, the focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness.  *Lockhart v. Fretwell*, 113 S.Ct. 838, 844 (1993).

A.

## Claim 1 - Failing to Pursue Better Plea Agreement

In his first claim, defendant VENZOR argues counsel was ineffective for failing to pursue a plea agreement which would have protected defendant from a consecutive sentence for the 924(c) weapon charge.  Defendant has not put forth any facts showing such a plea bargain was possible nor has he shown what counsel could have done to secure such a plea agreement.

Defendant VENZOR has not even alleged he discussed with counsel what other plea bargains might be available nor has he alleged he ever told his attorney he was dissatisfied with the plea bargain offer he accepted.  In the plea agreement defendant VENZOR also stated he was satisfied with his counsel's representation.

More importantly, even if the Court were to assume, solely for purposes of argument, that counsel should have sought, but did not seek, a plea bargain agreement which would have included dismissal of the 924(c) count, defendant VENZOR has completely failed to show the government would have offered or agreed to such a plea bargain.  Consequently, no prejudice has been shown.

Defendant's allegation is conclusory and he has failed to meet his burden under *Strickland*.

### B.
### Claims 2 and 4, Failure to Object to Government's Breach of Plea Agreement and Failure to Object When Government Refused to File a Motion for Downward Adjustment

Defendant also alleges counsel was ineffective in his second and forth claims.  These two claims are essentially the same.  Defendant contends he pled guilty based upon his understanding the government would file a motion for downward adjustment for assistance he provided to the government.  He alleges the government refused to file the motion, thus breaching the plea agreement, and that counsel was ineffective for failing to object when the government refused to file the motion for downward adjustment and thereby breached the plea agreement.[3]

The plea agreement, however, did not contain any promise to file a motion for downward departure.  Contrary to defendant's allegation, the record from the guilty plea and defendant's

---

[3]These claims are in effect the same because the failure of the government to file the motion for downward adjustment was the alleged breach of the plea agreement.

statements in open court during the plea contradict his allegation.  At the rearraignment and plea

held November 21, 2003 the Court questioned defendant as follows:

| | |
|---|---|
| The Court: | And have you read the documents in this case including the plea agreement? |
| The Defendant: | Yes, I have. |
| The Court: | Has anybody sought to force you to plead guilty, threatened you or in any way whatsoever tried to force you to plead guilty? |
| The Defendant: | No, Your Honor. |
| The Court: | Now, you say you've read the plea agreement.  Do you think you understand it? |
| The Defendant: | Yes, I do. |
| The Court: | Has anybody made any promise or representation to you that is not in the written plea agreement? |
| The Defendant: | No, m'am. |

Government's Appendix to Response at 10.  Defendant's statement at the plea hearing is

contradictory to his present allegation that the government made a promise to file a motion for

downward departure.  Defendant VENZOR's statement denying any representation or promise

outside the plea agreement had been made was under oath, and he has not shown any reason he

should not be held to the statements he made in open court and under oath.  Further, in his motion

to vacate, defendant admits no direct promise was made to him by the government, and

acknowledges the government informed the court that his cooperation had been helpful but was

not sufficient to warrant a motion for downward departure.  This complied with the plea

agreement.  Defendant has not demonstrated the plea agreement was breached and he has failed to

demonstrate counsel was ineffective for failing to object to the government's refusal to file a

motion for downward departure and/or for failing to object to an alleged breach of the plea

agreement when such objections would have been meritless.

IV.
## CLAIM 3 IS PROCEDURALLY BARRED

Defendant VENZOR alleges in his third claim that the government breached the terms of

the plea agreement by failing to file a motion for a downward adjustment.  As set forth above,

this claim is without merit.  Further, such claim was not raised on direct appeal, and defendant

presents it for the first time in this section 2255 motion.  The government maintains defendant has

raised this issue for the first time without establishing cause and prejudice to excuse his failure to

raise such issues on direct appeal.

Following a conviction and the exhaustion of or waiver of the right to a direct appeal, a

defendant is presumed fairly and finally convicted.  *United States v. Shaid*, 937 F.2d 228, 231-32

(5th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992).

As a result, a § 2255 review of a conviction is ordinarily limited to questions of a constitutional

or jurisdictional magnitude.  These issues ***may not*** be raised for the first time on collateral review

if they were not raised on direct appeal, without a showing of cause and prejudice.  Other types

of error, non-constitutional or non-jurisdictional, may not be raised in a § 2255 motion to vacate

unless the defendant is able to demonstrate the error could not have been raised on direct appeal

and, if condoned, would result in a complete miscarriage of justice.  *United States v. Cervantes*,

132 F.3d 1106 (5th Cir. 1998).  Claims of ineffective assistance of counsel are ordinarily not

presented on direct appeal, but instead are presented in a § 2255 motion.  *United States v.*

*Brewster*,137 F.3d 853, 859 (5th Cir. 1998).

Defendant VENZOR's third claim presented in this § 2255 motion to vacate, is not

cognizable because VENZOR did not raise such issue on direct appeal and has failed to show

adequate cause and prejudice for his failure to raise the issue on direct appeal.  Interestingly,

defendant VENZOR claims he was unable to raise this issue on direct appeal because of a waiver

of appeal in the plea agreement.  The plea agreement however, did not contain a waiver of appeal.


V.

*BLAKELY* AND *BOOKER* CLAIMS

Defendant appears to challenge his March 4, 2004 sentence based upon the January 12,

2005 United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct.

738, 160 L.Ed.2d 621 (2005).  In *Booker*, the Supreme Court extended the rules announced in the

prior decisions of *Apprendi v. New Jersey*; 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435

(2000), and *Blakely v. Washington*, _____ U.S. _____, 124 S.Ct. 2531, 159 L.Ed.2d 403, 72

U.S.L.W. 4546 (June 24, 2004), to the federal Sentencing Guidelines.  The rule, essentially held

that,

> [P]ursuant to the Sixth Amendment, any fact, other than the fact of a prior
> conviction, "which is necessary to support a sentence exceeding the maximum
> authorized by the facts established by a plea of guilty or a jury verdict must be
> admitted by the defendant or proved to a jury beyond a reasonable doubt."  125 S.
> Ct. at 756.  A different majority of the Court then excised certain statutory
> provisions that made the Guidelines mandatory, thereby rendering the Guidelines
> advisory only. *Id*. at 756-57.

*In re Elwood*, No. 05-30269 at 2, April 28, 2005 (5th Cir. 2005) citing *Booker*.  Defendant Elwood

alleged that, pursuant to *Booker*, the district court's application of the Guidelines in determining

his sentence violated his Sixth Amendment rights.  The Fifth Circuit has held, however, that the

United States Supreme Court did not make *Booker* retroactive to cases on collateral review.  *In re*

*Elwood*, No. 05-30269 at 3.

Therefore, under the law of this circuit, defendant's claim that his March 4, 2004 sentence,

assessed under the federal Sentencing Guidelines, is unconstitutional based upon

*Booker* and *Blakely* is foreclosed.  Such a claim is not cognizable in a section 2255 claim.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the motion to vacate, set aside and correct sentence, filed by defendant ELOY VENZOR be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>10th</u> day of May 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14ᵗʰ) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the

Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).